1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZIEHLKE, | ) 1:08-cv-1802-AWI-GSA |
| | ) |
| Plaintiff, | ) |
| | ) ORDER GRANTING MOTIONS TO COMPEL |
| v. | ) |
| | ) ORDER DENYING SANCTIONS IN PART |
| THE CITY OF ANGELS CAMP, and | ) |
| CHRIS COMFORT, individually and as | ) (Documents 19 & 23) |
| employee of the CITY OF ANGELS | ) |
| CAMP, TONY TACHEIRA, individually | ) |
| and as the CHIEF OF POLICE OF THE | ) |
| CITY OF ANGELS CAMP, and DOES | ) |
| 1 through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**I.**

**INTRODUCTION**

On July 6, 2009, Defendants City of Angels Camp, Chris Comfort and Tony Tacheira (hereinafter "Defendants") filed a Motion to Compel Answers to Special Interrogatories (Doc. 19) and a Motion to Compel Production of Documents (Doc. 23) based on Plaintiff Michael Ziehlke's lack of compliance with discovery.  More particularly, Defendants contend Plaintiff has wholly failed to respond to Defendants' first set of special interrogatories and first set of request for production of documents.  Plaintiff did not oppose the motions.

//

//

1

A hearing was scheduled for August 7, 2009, at 9:30 a.m.  After reviewing the motions and related pleadings, the Court determined that these matters were suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Thus, the hearing previously calendared for August 7, 2009, was vacated.  (*See* Doc. 27.)  Having considered all materials submitted, and as discussed more fully below, Defendants' Motions to Compel Answers to Special Interrogatories and Production of Documents are GRANTED.  Defendants' requests for related sanctions are GRANTED IN PART.

## II.

## RELEVANT PROCEDURAL HISTORY

On November 24, 2008, Plaintiff filed a complaint asserting (1) violations of Title 42 of the United States Code section 1983 and Title 28 of the United States Code section 1343, (2) false arrest and imprisonment, and (3) malicious prosecution.  (Doc. 1.)  Answers were filed on behalf of all Defendants on February 9, 2009.  (Docs. 6-8.)

On July 6, 2009, Defendants filed a Motion to Compel Answers to Special Interrogatories, after serving the discovery request upon Plaintiff on March 16, 2009.  (Doc. 19.) Defendants also filed a Motion to Compel Production of Documents, having served the request for production, set one, upon Plaintiff on March 10, 2009.  (Doc. 23.)

Plaintiff did not oppose the motions or otherwise respond.

## III.

## DISCOVERY DISPUTE

### A.    *Special Interrogatories*

On March 16, 2009, Defendants propounded the first set of specially prepared interrogatories to Plaintiff.  (Doc. 21 at ¶ 2 & Ex. A.)

On April 20, 2009, after Plaintiff's time to respond to the discovery had expired, Defendants' counsel wrote to Plaintiff's counsel to request the responses be provided within ten days in order to avoid a motion to compel.  (Doc. 21 at ¶ 3 & Ex. B.)  Defense counsel received no response.  (Doc. 21 at ¶ 4.)

//

1  Thereafter, hoping to avoid the instant motion, Defendants noticed Plaintiff's deposition

2  for June 23, 2009.  On June 22, 2009, Plaintiff's counsel advised Plaintiff would be unable to

3  attend his deposition.  During the conversation between counsel for the parties, Plaintiff's

4  counsel advised defense counsel that discovery responses were forthcoming and should be

5  expected on Friday of that week.  Defense counsel confirmed the agreement in a letter dated June

6  23, 2009.  (Doc. 21 at ¶ 5 & Ex. C.)

7  On July 1, 2009, when Plaintiff had again failed to provide any response to the

8  outstanding discovery, defense counsel wrote to Plaintiff's counsel asking that the discovery

9  responses be provided no later than July 6, 2009.  (Doc. 21 at ¶ 6 & Ex. D.)

10  As of July 6, 2009, Defendants had received neither the discovery responses outstanding,

11  nor a response to the correspondence of June 23 or July 1, 2009.  (Doc. 21 at ¶ 7.)

12  ### B.    *Request for Production of Documents*

13  On March 10, 2009, Defendants propounded the first set of request for documents to

14  Plaintiff.  (Doc. 25 at ¶ 2 & Ex. A.)

15  On April 20, 2009, after Plaintiff's time to respond to the discovery had expired,

16  Defendants' counsel wrote to Plaintiff's counsel to request the responses be provided within ten

17  days in order to avoid a motion to compel.  (Doc. 25 at ¶ 3 & Ex. B.)  Defense counsel received

18  no response.  (Doc. 25 at ¶ 4.)

19  Thereafter, hoping to avoid the instant motion, Defendants noticed Plaintiff's deposition

20  for June 23, 2009.  On June 22, 2009, Plaintiff's counsel advised Plaintiff would be unable to

21  attend his deposition.  During the conversation between counsel for the parties, Plaintiff's

22  counsel advised defense counsel that discovery responses were forthcoming and should be

23  expected on Friday of that week.  Defense counsel confirmed the agreement in a letter dated June

24  23, 2009.  (Doc. 25 at ¶ 5 & Ex. C.)

25  On July 1, 2009, when Plaintiff had again failed to provide any response to the

26  outstanding discovery, defense counsel wrote to Plaintiff's counsel asking that the discovery

27  responses be provided no later than July 6, 2009.  (Doc. 25 at ¶ 6 & Ex. D.)

28  //

1    As of July 6, 2009, Defendants had received neither the discovery responses outstanding,

2    nor a response to the correspondence of June 23 or July 1, 2009.  (Doc. 25 at ¶ 7.)

3    **C.    *Remedies Requested by Defendants***

4    Defendants seek an order compelling Plaintiff to provide answers to the special

5    interrogatories, set one, served March 16, 2009, and to produce documents responsive to the

6    request for production of documents, set one, served March 10, 2009.  Additionally, Defendants

7    seek sanctions against Plaintiff or his attorney in the total sum of $864.00.  (*See* Docs. 19 & 23.)

8                                            **IV.**

9                                       **DISCUSSION**

10   ***Scope of Discovery***

11   Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and

12   states in pertinent part:

13           Parties may obtain discovery regarding any matter, not privileged, that is
     relevant to the claim or defense of any party, including the existence, description,
14   nature, custody, condition, and location of any books, documents, or other
     tangible things and the identity and location of persons having knowledge of any
15   discoverable matter.  For good cause, the court may order discovery of any matter
     relevant to the subject matter involved in the action.  Relevant information need
16   not be admissible at trial if the discovery appears reasonably calculated to lead to
     the discovery of admissible evidence.

17

18   "The party who resists discovery has the burden to show that discovery should not be

19   allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v.*

20   *Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

21   *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

22   Here, Plaintiff was served various forms of written discovery which are authorized by the

23   Federal Code of Civil Procedure.  The requests appear relevant to Plaintiff's claims.  (*See* Doc.

24   21 at Ex. A & Doc. 25 at Ex. A.)  However, Defendants have not received any response to either

25   the special interrogatories, set one, or request for production of documents, set one.  Plaintiff has

26   failed to respond in any fashion.  Thus, Plaintiff shall be ordered to comply with Defendants'

27   discovery requests.

28   //

*Discovery Sanctions*

Rule 33(b)(1)(B) of the Federal Rules of Civil Procedure requires that unless otherwise agreed upon, the responding party must serve its answers and any objections to interrogatories within thirty days after being served. Additionally, subdivisions (b)(3) and (5) of that rule requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and under oath" and signed by the answering party. Any untimely objection to the interrogatory is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). Finally, Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure requires parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested or state an objection to the request including the reasons" in each response.

If a *party* fails to respond to discovery, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P. 37(d). The court on motion may order sanctions "[i]f a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

For a party's failure to respond to discovery, Rule 37(d) of the Federal Rules of Civil Procedure authorizes the Court to take action including:

1. Designating facts as established;
2. Refusing to allow the disobedient party to support or oppose designated claims or defenses;
3. Prohibiting the disobedient party from introducing designated matters in evidence;
4. Striking pleadings or parts thereof;
5. Staying further proceedings until an order is obeyed;
6. Dismissing an action, proceeding or any part thereof; or
7. Rendering a default judgment against the disobedient party; or
8. Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Moreover, in lieu of any such order, or in addition thereto, the Court "must require the party failing to act or the attorney advising that party or both to pay the reasonable expenses,

including attorney's fees, caused by the failure unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  An award of

expenses does not require a showing of wilfulness or improper intent; rather the standard is

whether there was a substantial justification for the losing party's conduct.  *Id.*  Even without a

prior discovery order, discovery misconduct may be punished under the Court's "inherent

powers" to manage its affairs.  *Uniguard Security Ins. Co. v. Lakwork Eng. Mfg Corp.*, 982 F.2d

363, 368 (9th Cir. 1992).

Here, sanctions are warranted because Plaintiff has failed to comply with his discovery

obligations.  Plaintiff has failed to respond in any fashion to discovery requests sent more than

four months ago, and offers no explanation for his failure to do so.  Thus, Plaintiff's failure to

comply was not substantially justified nor do the circumstances make such an award unjust.

### Request for Attorney's Fees

Defendants seek attorneys fees in the total sum of $864.00 for the preparation of

correspondence to Plaintiff's counsel, both motions to compel, as well as anticipated attendance

at the hearing on the motions.  (Doc. 21 at ¶ 8 & Doc. 25 at ¶ 8.)

More particularly, Defendants provided the following itemization for each motion:

| | | | |
|---|---|---|---|
| (1) | Letters of April 20, 2009, June 23, 2009, and July 1, 2009, requesting discovery (.6 hrs @ $135.00/hr [x 2]) | | $ [162.00] |
| (2) | Preparation of Motion (1.6 hrs @ $135.00/hr [x 2]) | | $ [432.00] |
| (3) | Appearance at Hearing (1 hr @ $135.00/hr [x 2]) | | $ [270.00] |

Because this Court vacated the hearing date and took the motions under submission

without oral argument (*see* Doc. 27), the cost for defense counsel's anticipated time for travel

and court appearance related to the motions is stricken.  Additionally, because defense counsel

prepared single letters concerning both sets of outstanding discovery (*cf*. Doc. 21 at Exs. B-D to

Doc. 25 at Exs. B-D), the Court finds it unreasonable to award counsel attorney's fees related to

what amounts to a total of six letters rather than the three actually sent.  Thus, one-half the

claimed amount is stricken.  Otherwise, the number of hours and the hourly rate in light of the work performed are reasonable.

<b>CONCLUSION AND ORDER</b>

For the reasons discussed above, this Court hereby ORDERS as follows:

1.    Defendants' motions to compel Plaintiff's responses to Specially Prepared Interrogatories, Set One, and Request for Production of Documents, Set One, are GRANTED;

2.    Plaintiff is ordered to provide, without objections, written responses to Defendants' Specially Prepared Interrogatories, Set One, and Request for Production of Documents, Set One, within ten (10) days from the date of this Order;

3.    Plaintiff MICHAEL ZIEHLKE is to pay the firm of BORTON, PETRINI, LLP monetary sanctions in the total sum of $513.00 ($81 + $432) within thirty (30) days from the date of this Order.

IT IS SO ORDERED.

**Dated:   August 6, 2009**          **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE