1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ZIEHLKE, | ) 1:08-cv-1802-AWI-GSA |
| | ) |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANTS' |
| v. | ) MOTION FOR LEAVE TO FILE AMENDED |
| | ) FIRST ANSWERS |
| THE CITY OF ANGELS CAMP, and | ) |
| CHRIS COMFORT, individually and as | ) |
| employee of the CITY OF ANGELS | ) (Document 31 ) |
| CAMP, TONY TACHEIRA, individually | ) |
| and as the CHIEF OF POLICE OF THE | ) |
| CITY OF ANGELS CAMP, and DOES | ) |
| 1 through 20, inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## INTRODUCTION

On September 17, 2009, Defendants, the City of Angels Camp, Chris Comfort, and Tony Tacheira ("Defendants") filed a Motion to File a First Amended Answer.  (Docs. 31, 32, 33). No opposition to the motion was filed.   A hearing was scheduled for October 23, 2009, at 9:30 a.m.  The court has reviewed the pleadings and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230 (c) and (h).  Having considered all written materials submitted, Defendants' motion is GRANTED.

## RELEVANT  PROCEDURAL BACKGROUND

On November 24, 2008, Plaintiff filed a complaint alleging that on May 24, 2007, Plaintiff had a verbal confrontation with defendant, Chris Comfort, an employee of the City of

1   Angels Camp Police Department at Coppello Ballpark in Angels Camp, California.  The

2   confrontation involved a parked Sonora Police vehicle which was allegedly blocking Plaintiff's

3   exit from the ballpark.  Plaintiff alleges that during the confrontation, Defendant Comfort

4   insinuated that Plaintiff had been drinking and that he was on crack.  Plaintiff further alleges that

5   Defendant Comfort attempted to instigate a fight and intimidate Plaintiff's family.

6       After the confrontation, Plaintiff alleges that Defendant Comfort falsely reported to a

7   Calaveras County Sheriff's Officer that Plaintiff had challenged Defendant Comfort to a fight.

8   As a result, Plaintiff alleges he was charged with a violation of California Penal Code § 415 on

9   June 6, 2007, by the Calaveras County District Attorney's Office.  Plaintiff was allegedly

10  arrested on December 1, 2007, at his home, and was released on his promise to appear for his

11  criminal proceedings.  On August 28, 2008, after a court trial, Plaintiff was acquitted of the

12  charges.   Based on the above, Plaintiff alleges the following causes of action : 1) violations of 42

13  U.S.C §1983 and 28 U.S.C. § 1343, (2) false arrest and imprisonment, and (3) malicious

14  prosecution.  (Doc. 1.)  Plaintiff is seeking general, incidental, and punitive damages; lost wages;

15  costs;  attorney's fees; and other relief the court deems proper.

16      Defendants filed Answers to the complaint on February 9, 2009.  (Docs. 6, 7, 8.)

17  Defendants now seek to file amended answers to assert an affirmative defense based on

18  Califronia Civil Code § 47(b) which establishes a privilege for communication made in

19  "legislative, judicial, or other official proceedings."  Califronia Civil Code § 47(b).  Defendants

20  argue that this section has been interpreted by the California Supreme Court to apply to

21  statements made when a citizen contacts law enforcement personnel to report suspected criminal

22  activity on the part of another person.  Mulder v. Pilot Air Freight, 32 Cal. 4th 384, 387, 81 P. 3d

23  264 (2004).  Defendants argue that information elicited from Plaintiff at his deposition on

24  September 4, 2009, revealed that Plaintiff believed that Defendant Comfort was an off duty

25  police officer on the date of the incident.  Declartion of Philip Avila, Esq. dated September 17,

26  2009 at pg. 2 ("Avila Declaration").  Further, Plaintiff testified that Defendant Comfort was not

27  wearing a uniform, nor did Defendant Comfort identify himself as a police officer at any time

28  during the incident.  Id. Finally, a recent review of the transcript of Plaintiff's court trial held on

1    August 28, 2009, indicates that Plaintiff found out shortly after the incident that the officers of

2    the Angels Camp Police Department were off duty to attend a fellow officer's funeral on the date

3    of the alleged confrontation.  Avila Declaration at pg. 2.

4        Based on these facts, Defendants argue that Defendant Comfort was acting as a private

5    citizen during these course of events and that the privilege under California section 47(b) is

6    implicated.  Defendants contend that this provision may result in a successful defense to several

7    of the casues of actions including, but not limited to, false arrest and imprisonment.  Avila

8    Declaration at pg. 3.  Plaintiff has not filed any opposition to the motion.

9                                        **DISCUSSION**

10       Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the

11   party's pleading once as a matter of course at any time before a responsive pleading is served.

12   Otherwise, a party may amend only by leave of the court or by written consent of the adverse

13   party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

14   is very liberal and leave to amend 'shall be freely given when justice so requires.'"

15   AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting

16   Fed. R. Civ. P. 15(a)).  However, a court may deny leave to amend due to (1) undue delay; (2)

17   bad faith or dilatory motive on the part of the movant; (3)  repeated failure to cure deficiencies by

18   amendment; (4) undue prejudice to the opponent; and (5) futility of amendment. Zucco Partners,

19   LLC v. Digimarc, 552 F. 3d 981 (9th Cir. 2009) citing Forman v. Davis, 371 U.S. 178, 182

20   (1962).

21       The Court has examined all of the factors listed above and finds that leave to amend the

22   Answers should be granted.  Defendants seek to amend the Answerd to add the affirmative

23   defense described above based on information obtained after the filing of the Answers.  There is

24   no evidence the motion is being brought in bad faith or with a dilatory motive.  Similarly, there is

25   little prejudice to the Plaintiff given that the case is in the beginning stages of the proceedings.

26   Finally, no opposition to the motion has been filed indicating that the amendment would be

27   futile.

28   ///

1

**CONCLUSION**

2        Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendants' Motion

3  for Leave to File First Amended Answers is GRANTED.  The First Amended Answers are

4  deemed filed and served as of the date of the signing of this Order.

5

6

7

8        IT IS SO ORDERED.

9  **Dated:     October 21, 2009**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4